**Ellis RL THOMAS, Jr., Plaintiff–Appellant,**

v.

**George HERMAN, warden sued in his individual & official capacity; et al., Defendants–Appellees.**

No. 02–17318.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

### MEMORANDUM**

Former Arizona state prisoner Ellis RL Thomas Jr. appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that Arizona prison officials violated the Fourteenth Amendment, the Eighth Amendment and the Arizona Uniform Act to Secure the Attendance of Witnesses ("Uniform Act"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir.2002), and we affirm.

■ Thomas alleged that Arizona prison officials, who arranged for his transport to Indiana to testify at his brother's criminal trial, failed to adequately protect him from being arrested upon arrival in Indiana and subsequently convicted of murder and sentenced to 110 years in Indiana state prison.

In Thomas' criminal proceedings in Indiana, the state court determined that Thomas went to Indiana voluntarily, even at the risk of being charged in connection with the shootings for which his brother was charged. Thomas is collaterally estopped from relitigating the issue of voluntariness. *See Allen v. McCurry*, 449 U.S. 90, 103–04, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (collateral estoppel applies to section 1983 actions when a plaintiff attempts to relitigate in federal court issues decided against him in a state court criminal proceeding); *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1121 (9th Cir.1997) (state court's rulings are binding on a federal court if they are binding under state collateral estoppel law in section 1983 action).

■ In light of the fact that Thomas went to Indiana voluntarily, Arizona officials were under no obligation to invoke the procedures of the Uniform Act, *see* A.R.S. § 13–4092 (describing the process by which one state may summon a witness from another state to testify at a criminal proceeding), and did not cause Thomas to be deprived of his Fourteenth Amendment right to due process and Eighth Amendment right to be free from cruel and unusual punishment. *See City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (stating that a municipality can be found liable under section 1983 only where the municipality itself causes the constitutional violation at issue).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.